IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SANDRA RANGEL,

                                                          OPINION AND ORDER
                    Plaintiff,

                                                          3:07-cv-523-jcs
          v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Because Judge Shabaz will be convalescing from shoulder surgery for a period of not

less than sixty days beginning February 1, 2008, I have assumed administration of the cases

previously assigned to him, including this one.

        On September 18, 2007 Sandra Rangel filed a pro se complaint seeking judicial

review of the Social Security Administration's designation of her representative payee of her

Supplemental Security Income payments.  Plaintiff wants the agency to designate Matthew

Grant and not "DHS" as her representative payee.  Defendant has moved to dismiss

plaintiff's complaint on the ground that plaintiff failed to exhaust her administrative appeal

remedies.  Pursuant to Judge Shabaz's December 17, 2007 order, plaintiff had until January

1

17, 2008 to respond to the motion.  She has not filed any response.

Because plaintiff did not oppose defendant's motion within the time granted by the court, I find that she has agreed that she failed to exhaust her administrative remedies and that this court lacks subject matter jurisdiction over the claim raised in her complaint. However, even if plaintiff had filed her opposition brief, it is unlikely that she could have opposed defendant's motion successfully.  This is because the allegations in her complaint would not support a finding that she has exhausted administrative remedies.  Hefferman v. Bass, 467 F.3d 596, 598 (7th Cir. 2006) ("no claim should be dismissed unless it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations")(citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  Accordingly, defendant's motion is granted.

I find the following facts from plaintiff's complaint and the declaration of Patrick Herbst, which was submitted by defendant.

FACTS

Plaintiff was awarded Supplemental Security Income benefits on September 19, 2007.  Decl. of Patrick Herbst. #11 at ¶3.  The Social Security Administration notified plaintiff on that date that it had selected "DHS," a social services agency, to be her representative payee. Id. at ¶3. ( A representative payee is a person or organization selected

by the agency to receive benefits on behalf of a beneficiary where the beneficiary is unable to manage or direct the management of her benefit payments.  20 C.F.R. § 416.601(a).) This notice advised plaintiff that in the event she disagreed with the determination, she had the right to request reconsideration within 60 days of receipt of the notice.  Id.

According to the records of the Social Security Administration, plaintiff did not file a request for reconsideration of the September 19, 2007 decision.  Id.  Plaintiff's Social Security claim file does not show that plaintiff received a reconsideration determination, hearing decision by an administrative law judge or a denial of the review of a hearing decision by the Appeals Council.

OPINION

Defendant's motion to dismiss is brought on the basis of 42 U.S.C. § 405(g), which provides in relevant part that

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of a notice of such decision or within such further time as the Commissioner of Social Security may allow.

Under 42 U.S.C. § 405(h), judicial review is permitted only in accordance with § 405(g): "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."  Defendant

3

contends that this court must dismiss the complaint because plaintiff did not receive a final decision of the commissioner after a hearing and therefore cannot obtain judicial review.

The Social Security Act "does not define 'final decision,' instead leaving it to the [Social Security Administration] to give meaning to that term through regulations." Sims v. Apfel, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a)); Weinberger v. Salfi, 422 U.S. 749, 766 (1975). Under the regulations, to obtain a final decision, plaintiff must exhaust all of the following steps in the administrative review process: 1) receive an initial determination; 2) request reconsideration of the initial determination; 3) request and obtain a hearing decision by an administrative law judge; and 4) request Appeals Council review of the administrative law judge's decision. 20 C.F.R. § 404.900(a)(1)-(6)(2006); Salfi, 422 U.S. at 766.

Under the commissioner's regulations, the Social Security Administration's selection of a representative payee is an "initial determination" subject to administrative and judicial review. 20 C.F.R. § 404.902(q). If a claimant is dissatisfied with this determination, she may ask for reconsideration. 20 C.F.R. § 404.907. If dissatisfied with the decision on reconsideration, the claimant may request a hearing before an administrative law judge. 20 C.F.R. § 404.929. If the claimant is dissatisfied with the administrative law judge's decision after the hearing, the claimant may ask the Appeals Council to review the decision. 20 C.F.R. § 404.967. The Appeals Council denial of the request for review is the "final

4

decision" of the commissioner.  20 C.F.R. § 404.981.

Plaintiff received an initial determination that DHS was to be her representative payee.  She was advised that she had sixty days to file a motion for reconsideration of this decision.  Apparently, plaintiff wants Matthew Grant to be her representative payee, but she never objected to the agency's selection of DHS and not Grant as the payee.  To do this, she had to file a motion for reconsideration of the September 19 determination.  She did not do so.  She has not exhausted her administrative remedies.  Accordingly, her complaint must be dismissed.

ORDER

IT IS ORDERED that defendant Michael J. Astrue's motion to dismiss plaintiff Sandra Rangel's complaint for lack of subject matter jurisdiction is GRANTED.  The clerk is directed to close this case.

Entered this 12th day of February, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

5